UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
WILMINGTON TRUST, NATIONAL :
ASSOCIATION, AS TRUSTEE, *etc*., :
 :
 Plaintiff, :
 : **MEMORANDUM DECISION AND**
 - against - : **ORDER**
 :
 : 25-cv-6210 (BMC)
PACIFIC STREET PROPERTY GROUP :
LLC *et al*., :
 :
 Defendants. :
------------------------------------------------------------ X

**COGAN**, District Judge.

This is a diversity mortgage foreclosure action in which the Court previously appointed a receiver to take control of the property.  Plaintiff has moved for summary judgment.  For the reasons below, plaintiff's motion is granted.

## BACKGROUND

The case arises from a $1,723,000 mortgage loan extended by plaintiff's predecessor-in-interest, Sabal Capital II LLC, to defendants for a Brooklyn investment property.  The promissory note for the loan was secured by a duly filed mortgage.  The loan has been in default since January 2025.  The balance owed is upwards of $1.6 million, comprised of principal, accrued interest, and various fees and charges provided by the mortgage.  Earlier this year, the Court appointed a receiver to take control of the property, which currently houses several tenants.  See Wilmington Tr., N.A. v. Pacific St. Prop. Grp. LLC, No. 25-cv-6210, 2026 WL 141905, at *4 (E.D.N.Y. Jan. 20, 2026).

Defendants oppose plaintiff's motion for summary judgment on essentially the same grounds presented in opposition to plaintiff's motion to appoint a receiver.  But now that all

reasonable inferences must be made in their favor, defendants say, those arguments should prevail.  The Court disagrees.

## DISCUSSION

### I.    Summary Judgment Standard

Rule 56 provides that summary judgment is warranted where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court must view all facts "in the light most favorable to the nonmoving party."  Scott v. Harris, 550 U.S. 372, 380 (2007).  There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for" defendants.  Id. (Defendants "must do more than simply show that there is some metaphysical doubt as to the material facts" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986))); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment").

### II.    Standing

"The existence of standing is a question of law[.]"  Shain v. Ellison, 356 F.3d 211, 214 (2d Cir. 2004).  Although "a defendant may raise the plaintiff's lack of standing in a motion for summary judgment, [that] determination . . . is a threshold question of law for the judge, not a question of fact for the jury."  Multistack LLC v. Arctichill Inc., No. 05-cv-3865, 2006 WL 510506, at *3 (S.D.N.Y. Mar. 1, 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

Here, when ruling on plaintiffs' motion to appoint a receiver, the Court determined that plaintiff had standing.  See Wilmington, 2026 WL 141905, at *4.  Nothing has changed since then, and the arguments that defendants re-assert on this point remain equally unavailing now.

2

## III.    Disputed Facts

Defendants' last-ditch effort to survive summary judgment is by arguing that there is a genuine dispute of material fact as to whether plaintiff "prov[ed] default in the note terms" or "perform[ed] the overt act of accelerating the maturity date of the loan, as modified."

As to whether there is a genuine dispute that defendants are in default, the answer is clearly no.  Wilmington, 2026 WL 141905, at *1 ("It is undisputed that [defendants] failed to make the payment due in January 2025 and has not made any payments through at least October 2025.").  The fact that defendants now "dispute" this fact does not change reality.  To change course so drastically, defendants would have needed to offer "concrete evidence from which a reasonable juror could" agree that they are not in default.  See Anderson, 477 U.S. at 247-48.  Defendants could have easily provided bank records on this point if it held any water.  That they did not do so is telling, and dispositive.

Defendants' next argument is best interpreted as a failure to complete a condition precedent to filing suit.  According to defendants:

> As a matter of law, Plaintiff's lawyers did not have demonstrated authority to draft and send demand letters to Defendants in August 2025 – especially here, where Plaintiff's power of attorney to its servicer is not effective until October 22, 2025 . . . When a plaintiff relies upon formal notices to establish its right to foreclose, those notices must be legally valid.  Under New York law, a notice of default drafted, signed, and sent by an attorney or agent is ineffective unless the agent's authority to act on behalf of the principal is established.  Siegel v. Kentucky Fried Chicken of Long Is., Inc., 67 N.Y.2d 792 (1986).

But as the Court already found, the "mortgage agreement here has nothing in common with Siegal" because, *inter alia*, "it expressly waives notice of default and acceleration." Wilmington, 2026 WL 141905, at *5.

Defendants contend that, despite the unambiguous waiver, because plaintiff elected to send defendants such a notice anyway, plaintiff effectively bound itself to a new condition

3

precedent that it has now breached.  The Court is unpersuaded.  The notice was not required in the first place, so plaintiff's decision to send one was merely "a courtesy and not obligatory." Lateral Recovery, LLC v. Capital Merch. Servs., LLC, 632 F. Supp. 3d 402, 456 (S.D.N.Y. 2022); accord Donahue v. United States, 457 F. Supp. 2d 137, 143 (E.D.N.Y. 2006) ("It is true that in some cases [defendant] did inform the claimant that a claim was insufficient, thus providing the claimant with an opportunity to cure a defect.  However, this was done merely out of courtesy.  [Defendant had] no obligation to [do so].").

Accordingly, there is no genuine dispute of material fact bearing on this case.

## CONCLUSION

Plaintiff's motion for summary judgment is granted.  Plaintiff is directed to submit a proposed form of foreclosure judgment within seven days.

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated:    Brooklyn, New York
          March 19, 2026

4